Marla Hebert GUIDRY, et al.,

v.

ZALE CORPORATION, et al.

Civil Action No. 95–616–A.

United States District Court,
M.D. Louisiana.

July 15, 1997.

---

Raphael P. Poirrier, Gonzales, LA, for Plaintiffs.

Christina B. Peck, James Rodney Holland, II, Kevin L. O'Dea, McGlinchey, Stafford and Lang, Baton Rouge, LA, for Defendants.

## RULING ON MOTION FOR SUMMARY JUDGMENT

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion by defendants, Zale Corporation, Arthur Garrett, Jean Templet, Jack Green and Arthur Lemane. Plaintiffs have failed to file any memorandum of law, contenting themselves with a "Contravention of Defendant's Statement of Undisputed Material Facts". Defendants have filed a reply brief. There is no need for oral argument. Removal jurisdiction is based upon 28 U.S.C. § 1331.

Plaintiff, Marla Hebert Guidry, asserts claims of sexual harassment and constructive discharge in connection with her former employment by Zale Corporation as a sales associate. Guidry claims that defendants are liable under either Title VII of the Civil Rights Act of 1964; the Louisiana Anti–Discrimination Act, La. R.S. 23:1006 and for intentional infliction of emotional distress.

After careful consideration, the court finds that defendants have properly supported their motion for summary judgment and that plaintiff has failed to demonstrate that there is a genuine issue of material fact for trial.

As to the claims against the individual defendants, the jurisprudence cited by defendants establishes that individual employees cannot be held liable under Title VII or § 1006. Moreover, the claims of intentional infliction of emotional distress are patently without merit as there is no basis for finding extreme or outrageous conduct.

To support her claim of hostile work environment against her employer, one of the elements plaintiff must prove is that the sexual harassment affected a term, condition or privilege of employment, i.e. that the harassment was so pervasive or severe as to alter her conditions of employment and create an abusive work environment. *Farpella–Crosby v. Horizon Health Care*, 97 F.3d 803 (5th Cir.1996). Plaintiff must show that the harassment created an environment [1] that a reasonable person would find hostile or abusive. *Id.* Another element plaintiff must establish is that the employer knew or should have known of the harassment and failed to take prompt remedial action. *Id.*

■ To establish constructive discharge, plaintiff must prove that "working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Cortes v. Maxus Exploration Co.*, 977 F.2d 195 (5th Cir.1992). A constructive discharge claim generally requires a greater showing of severity or pervasiveness of harassment than that required for a hostile work environment claim. *Landgraf v. USI Film Products*, 968 F.2d 427 (5th Cir.1992), 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

■ Plaintiff's chief complaint of sexual harassment stems from an incident when she encountered Jack Green, a co-employee, on her way to the store. According to plaintiff, Green forcefully hugged her and tried to kiss her on the mouth but ended up kissing her nose and cheek. Plaintiff's dep. pp. 95–98. There is no **genuine** issue of material fact that defendant took prompt, appropriate remedial action after plaintiff complained of the

---

1. All the circumstances must be considered: "including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance". *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 22, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993).

incident.[2] Consequently, plaintiff lacks evidence to establish all of the essential elements of her claims of hostile work environment and constructive discharge.

Moreover, the court finds that the kissing incident along with the other acts of sexual harassment described in her "contravention" to defendants' statement of facts are insufficient to defeat the motion for summary judgment in any event. According to her "contravention" to statement of fact number four, "Garrett [the store manager and her supervisor], on occasion, used sexually oriented language that offended Ms. Guidry." In her deposition, however, plaintiff could not recall any specifics, just that Garrett had told "maybe a few jokes or something like that, dirty jokes, just things like that." Guidry deposition p. 91.

█ In "contravention" to fact number four, plaintiff additionally complains that Garrett allowed another employee, Lemane, to post "sexually oriented 'pin-up' material" at his work station. However, the evidence shows that these were actually calendar photographs of women in swimwear. The court agrees with defendant that the calendar photographs posted at Lemane's workstation could not be viewed by a reasonable person as sexually offensive. In her "contravention" to fact number ten, plaintiff indicates that Lemane referred to her as a person likely to make a claim of sexual harassment but this is not the kind of remark that a reasonable person would find to be sexually offensive.

█ In "contravention" to facts number four and ten, plaintiff states that "Garrett, after being informed that Green had made personal, sexually oriented comments to Ms. Guidry, allowed the situation to go uncorrected with nothing more than the shake of head". The deposition excerpts cited by plaintiff indicate that Green on one occasion made the comment that her breasts "looked like oranges" and at another time Green told her that she "had really big hips ... fine hips". Plaintiff additionally complains that "Garrett also allowed Green to vividly discuss

and describe 'wet dreams' in the presence of Ms. Guidry, who was obviously offended, in a public area of the store until Ms. Guidry took it upon herself to make Green cease."

However, plaintiff's deposition makes it plain that these were three isolated incidents that occurred over a period of six or more months. As such, they do not constitute conduct severe or pervasive to create an objectively hostile or abusive work environment. See, *DeAngelis v. El Paso Mun. Police Officers Ass'n.*, 51 F.3d 591 (5th Cir. 1995), cert. denied, —— U.S. ——, 116 S.Ct. 473, 133 L.Ed.2d 403 (1995).

█ Additionally, the court observes that complaints relating to the dirty jokes, the comments about plaintiff's hips and breasts, and the "wet dream" discussion were not included in plaintiff's charge with the Equal Employment Opportunity Commission. In her charge, plaintiff complains of an incident of "sexual harassment" on May 17, 1994, (i.e. the hugging and kissing incident) followed by an unspecified complaint of "general harassment" on May 20, 1994 (apparently the comment by Lemane). She further alleges that she reported the "incidents" to management with no corrective action being taken, forcing her to resign.

█ The filing of an administrative complaint with the Equal Employment Opportunity Commission is normally a jurisdictional prerequisite to a Title VII action. *Ray v. Freeman*, 626 F.2d 439, 442 (5th Cir.1980), cert. denied, 450 U.S. 997, 101 S.Ct. 1701, 68 L.Ed.2d 198 (1981). A Title VII cause of action is limited to the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir.1970).

█ In other words, the reasonable expectation rule requires that the scope of allegations made in a judicial complaint be "like or related" to allegations made in the EEOC charge. However, the cause of action:

"may be based, not only upon the specific complaints made by the employee's initial

<hr>

2. No reasonable juror could find that defendant failed to take prompt remedial action in response to plaintiff's complaint of this incident.

EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir.1993) (quoting *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir.1983)).

The reasonable expectation rule is intended to protect "unlettered lay persons making complaints without legal training or the assistance of counsel". *Fine*, supra. While Mrs. Guidry had retained counsel several months prior to filing her EEOC charge, there is no indication that her counsel assisted her in forming her allegations. The absence of counsel, however, should have no bearing on her ability to recall and state facts in her EEOC charge. *Id.* In view of plaintiff's allegations that she was subjected to sexual harassment on May 17, 1994 through June 23, 1994, the court concludes that the prior events could not reasonably be expected to be within the scope of the EEOC investigation.

For the forgoing reasons as well as those more fully stated by defendants in the original brief at pp. 12–23 and pp. 3–10 of their reply brief, the court finds that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law on the claims made by Mrs. Guidry. Consequently, it is clear that defendants are additionally entitled to summary judgment on the loss of consortium claims by Mr. Guidry.

Accordingly, the motion by defendants is hereby GRANTED and this action will be dismissed.